22 F.3d 1185
 306 U.S.App.D.C. 103
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
David ROBINSON, Appellant.
 No. 92-3170.
 United States Court of Appeals, District of Columbia Circuit.
 March 25, 1994.
 
 Before: MIKVA, Chief Judge; EDWARDS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 MEMORANDUM
 
 4
 Appellant challenges his conviction for possession of cocaine base on the ground that the district court erred in not suppressing the drugs recovered from appellant's pocket during a second search of his person which allegedly exceeded the bounds of Terry v. Ohio, 392 U.S. 1 (1968). Because we find that the second search was a permissible protective search for weapons, we affirm appellant's conviction. See Minnesota v. Dickerson, 113 S.Ct. 2130, 2136 (1993).
 
 
 5
 The standard for justifying a frisk is whether a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that of others was in danger. Terry, 392 U.S. at 27. Here, such a belief was warranted, even absent threatening or suspicious acts by appellant during his detention. First, Officer Marshall suspected appellant had just engaged in armed robbery. Second, Officer Marshall was informed by Officer Mitchell that the initial frisk, which did not reveal any contraband, was "quick" or "brief." Third, Officer Marshall observed a bulge in the front pocket of appellant's baggy pants which he thought might be a small-caliber gun that had eluded Officer Mitchell's earlier patdown. Fourth, appellant was not in handcuffs and could therefore access any weapon that was in his pocket. Under the totality of the circumstances, it was reasonable for Officer Marshall to believe that appellant was armed and presently dangerous to him or to the other officers. Cf. United States v. Taylor, 997 F.2d 1551, 1554 (D.C.Cir.1993) (where "[t]he government d[id] not seriously argue that the arresting officers believed Taylor to be concealing in his watch pocket a weapon that had eluded the earlier search, justifying a second 'protective' search," the second search "did not fall within the contours of a legal Terry stop since [it] was not aimed at, let alone limited to, the discovery of weapons").